# In the United States Court of Federal Claims

No. 05-393V
(Filed February 21, 2008)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **LEE ANN KAY, Parent of MASON** | * | Vaccine Act, award of attorneys' |
| **KAY, a Minor,** | * | fees, 42 U.S.C. § 300aa-15 |
| Petitioner, | * | (2000); jurisdiction to award |
| | * | attorneys' fees and costs after |
| v. | * | petition dismissed for lack of |
| | * | subject matter jurisdiction as |
| **SECRETARY OF HEALTH AND** | * | untimely. |
| **HUMAN SERVICES,** | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * | * | |

Ronald C. Homer, Boston, MA, for petitioner.

Linda S. Renzi, Washington, DC, with whom was Acting Assistant Attorney General Jeffrey S. Bucholtz, for defendant.

## MEMORANDUM OPINION AND ORDER

MILLER, Judge.

This matter is before the court following briefing on Petitioner's Motion for Review of the Special Master's Decision of August 31, 2007 and Petitioner's Motion for an Interlocutory Order Pursuant to 28 U.S.C. § 1292(d)(2) 1/ filed on October 1, 2007, following petitioner's unsuccessful compensation claim and application for attorneys' fees and costs pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C.

---

1/ Petitioner's motion for an interlocutory order is premature. Petitioner first must obtain a ruling on her motion for review of the special master's decision to the United States Court of Federal Claims, pursuant to 42 U.S.C. § 300aa-12(e)(1) (2000). The motion is denied as moot. The decision issued this date directs a final judgment from which appeal may be taken.

§§ 300aa-10 to -34 (2000) (the "Vaccine Act").  The issue on review is whether jurisdiction resided in the special master to consider an award of attorneys' fees and costs pursuant to 42 U.S.C. § 300aa-15(e), once he had determined that the compensation claim brought by petitioner was untimely. 2/  The court treats this motion as a variant of a request that the court review the ruling rejecting jurisdiction over petitioner's application for attorneys' fees and costs incurred in connection with a time-barred petition for compensation under the Vaccine Act.  On November 16, 2007, pursuant to the parties' agreement, the court ordered a stay of proceedings pending the United States Supreme Court's decision in John R. Sand & Gravel Co. v. United States, ___ U.S. ___, 128 S. Ct. 750 (Jan. 8, 2008), a ruling that resolved any purported inconsistencies in decisions concerning whether filing within the statute of limitations applicable to the United States Court of Federal Claims in an action brought pursuant to 28 U.S.C. § 1491(a)(1) (2000) (the "Tucker Act"), see 28 U.S.C. § 2501 (2000), is a prerequisite to the court's exercise of subject matter jurisdiction.  Supplemental briefing, ordered at petitioner's request, concluded on February 1, 2008.  Argument is deemed unnecessary.

## FACTS AND BACKGROUND

The facts pertinent to jurisdiction are not disputed. 3/  On March 23, 2005, Lee Ann Kay ("petitioner"), on behalf of her minor son Mason Kay, filed a petition pursuant to the Vaccine Act, alleging that Mason suffered from speech delay and learning disabilities as a result of the administration of thimerosal containing vaccines.  The record on review indicates that Mason received a Hepatitis B vaccine on April 22, 1999; Hepatitis B vaccine, diphtheria-tetanusacellular pertussis (DTaP) vaccine, hemophilus influenza type-b (Hib) vaccine, and inactive polio vaccine (IPV) on June 30, 1999; DTaP vaccine, Hib vaccine and IPV on August 11, 1999; Hepatitis B vaccine, DTaP vaccine, and Hib vaccine on September

---

2/  42 U.S.C. § 300aa-15(e)(1), provides, in pertinent part:

> If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

3/  The facts set forth in this section, together with any included in the discussion section, represent the court's review of all facts.  See Monsanto Co. v. Bayer Bioscience N.V., No. 07-1109, 2008 WL 200027, *7 n.13 (Fed. Cir. Jan. 25, 2008) (questioning whether factual findings must be restated in trial court opinion's legal discussion).

27, 1999; Hib vaccine, measles-mumps-rubella (MMR) vaccine and varicella vaccine (Varivax) on April 3, 2000; and DTaP vaccine and IPV on October 10, 2000. Kay v. Sec'y of HHS, No. 05-393V, slip op. at 4 (Fed. Cl. Off. Spec. Mstr. Mar. 26, 2007) (unpubl.) ("Kay Compensation Decision").

On March 26, 2007, Special Master John F. Edwards issued his compensation decision on petitioner's claim. Id. slip op. at 4. The special master found that during May 2001 an early-intervention specialist and a speech-language pathologist identified that Mason exhibited "[a] severe auditory comprehension deficit, a severe expressive communication deficit, significant concerns with social skills including eye contact, attention span, cooperation and interaction, significant concerns with sensory integration skills, and significant concerns with play skills." Id. slip op. at 2, 4 (internal quotations omitted). Based on this evidence, the special master dismissed petitioner's claim for lack of jurisdiction because the manifestation of the condition occurred more than thirty-six months before the filing of the petition on March 23, 2005. Id. slip op. at 4 (citing 42 U.S.C. § 300aa-16(a)(2) (prescribing that no petition may be filed for compensation under Vaccine Act "after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset")).

Subsequently, on August 9, 2007, petitioner filed her application for attorneys' fees and costs pursuant to 42 U.S.C. § 300aa-15(e). The special master rejected the application on August 31, 2007, determining, under Brice v. Sec'y of HHS, 358 F.3d 865, 868 (Fed. Cir. 2004) ("Brice II"), "that a special master may not exercise discretion under § 300aa-15(e)(1) to award attorney's fees, attorney's costs and personal expenses to an unsuccessful petitioner when the unsuccessful petitioner filed a Program petition beyond the statute of limitations contained in § 300aa-16(a)(2)." See Kay v. Sec'y of HHS, No. 05-393V, slip op. at 2 (Fed. Cl. Off. Spec. Mstr. Aug. 31, 2007) (unpubl.) ("Kay Attorneys' Fees Decision"). 4/

## DISCUSSION

Pursuant to 42 U.S.C. § 300aa-12(e)(1) and RCFC App. B, Rule 23, petitioner's motion seeks review of the special master's decision rejecting the application for attorneys'

---

4/ Brice II stated: "The jurisdiction of the Court of Federal Claims to award attorneys' fees under the Vaccine Act is not unlimited. The court must have jurisdiction over a petitioner's claim for compensation before it can award attorneys' fees." Brice II, 358 F.3d at 868 (citing Martin v. Sec'y of HHS, 62 F.3d 1403, 1405 (Fed. Cir. 1995) ("[S]ection 300aa-15(e)(1) simply authorizes fee awards *in cases already within the jurisdiction of the Court of Federal Claims*." (emphasis added)).

fees and costs.  5/  She cites as legal error the special master's determination that, because the underlying claim was time-barred, subject matter jurisdiction is lacking over the ancillary claim for attorneys' fees.  Petitioner argues that the statute of limitations is not jurisdictional, insofar as dismissal of a case as untimely does not affect the Vaccine Act's grant of subject matter jurisdiction to determine an award of attorneys' fees.  Although binding precedent from the United States Court of Appeals for the Federal Circuit mandates that the statute of limitations in the Vaccine Act is jurisdictional, see Brice II, 358 F.3d at 868; supra note 4, this case was stayed pending the Supreme Court's reexamination in John R. Sand & Gravel of whether the subject matter jurisdiction of the Court of Federal Claims is circumscribed by statutes of limitations.

 1.  Standard of review

The Vaccine Act specifies three alternative courses of action available to the Court of Federal Claims in reviewing a special master's decision. The court may

(A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,
(B) set aside any findings of fact or conclusions of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or
(C) remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(2). 6/

Petitioner asserts legal error in the special master's decision that he lacks jurisdiction to award attorneys' fees.  Legal conclusions of the special master are reviewed de novo. See Capizzano v. Sec'y of HHS, 440 F.3d 1317, 1323-24 (Fed. Cir. 2006).  "Issues of . . .

---

5/  42 U.S.C. § 300aa-12(e)(1) provides: "Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision."  RCFC App. B, Rule 23 similarly mandates:  "To obtain review of a special master's decision, within 30 days after the date on which the decision is filed, a party must file with the clerk a motion for review of the decision."

6/  The language of 42 U.S.C. § 300aa-12(e)(2) is identical in substance to RCFC App. B, Rule 27.

jurisdiction under the Vaccine Act are questions of law, which [are] review[ed] de novo." Aull v. Sec'y of HHS, 462 F.3d 1338, 1342 (Fed. Cir. 2006).

    2.  Applicability of John R. Sand & Gravel

        In contending that the Vaccine Act's statute of limitations is not jurisdictional, see Petr.'s Br. filed Oct. 1, 2007, at 15; Petr.'s Br. filed Jan. 29, 2008, at 2 ("While the special master says he has no jurisdiction to award attorneys' fees and costs, clearly he had jurisdiction to determine that [petitioner's] claim was untimely. So too, pursuant to § 12(e), the Court of Federal Claims has the jurisdiction to review this decision."), petitioner advances the same argument ultimately rejected in John R. Sand & Gravel. The Supreme Court explained in John R. Sand & Gravel that, because the Tucker Act waives sovereign immunity and grants the Court of Federal Claims jurisdiction to hear cases against the United States Government, the jurisdictional grant applies only with respect to those cases explicitly within the scope of the statute. See John R. Sand & Gravel, 128 S. Ct. at 753-54. As a result, any case brought pursuant to the Tucker Act that was not filed within the statute of limitations prescribed by Congress must be dismissed for want of jurisdiction. Id. The Supreme Court's decision in John R. Sand & Gravel reinforces the conclusion reached by the Federal Circuit as to the scope of the Vaccine Act in Brice II – that the statute of limitations set forth in a congressional waiver of sovereign immunity establishes a limitation on the Court of Federal Claims' exercise of jurisdiction. See id. at 755. Because the Vaccine Act represents the same conditional waiver of sovereign immunity as the Tucker Act in John R. Sand & Gravel, the holding applies with equal force to the case at bar.

        In her supplemental brief filed after the issuance of John R. Sand & Gravel, petitioner reads John R. Sand & Gravel as reinforcing the proposition that special masters "have the power to take cognizance of issues of timeliness." Petr.'s Br. filed Jan. 29, 2008, at 3-4. While this proposition is accurate, it does not vouchsafe that the special master has authority to render a decision over the substance of the claim. Rather, the special master has the power to assess facts pertaining to timeliness in order to determine whether he has jurisdiction over the substance of petitioner's claim. If the special master determines that a claim under the Vaccine Act is not timely, he dismisses the case for want of jurisdiction. This should be contrasted with a determination of entitlement (or lack of entitlement) to compensation under the Vaccine Act. Thus, when the special master determines that a claim is untimely and provisionally dismisses a petition for lack of jurisdiction, the special master has determined only that the Vaccine Act does not authorize him to consider the merits of the petition.

    3.  Applicability of Brice II

        Petitioner concedes that the decision rendered in Brice II – holding that a court must have subject matter jurisdiction over a petitioner's claim for compensation before it can award attorneys' fees – would require dismissal of her application for lack of jurisdiction.

Petr.'s Br. filed Oct. 1, 2007, at 1 ("[Petitioner] concedes, the Federal Circuit, in Brice v. Sec'y of HHS, 358 F.3d 865 (Fed. Cir. 2004), held that a special master has no jurisdiction to award attorney fees pursuant to 42 U.S.C. § 300aa-15(e) if the court determines that a petitioner's claim was untimely filed pursuant to § 16(a)(2)."). Nonetheless, she reasons that Brice II misinterpreted the Vaccine Act, and that it is no longer binding authority after subsequent decisions of the Federal Circuit and Supreme Court have questioned whether statutes of limitations operate as jurisdictional bars. Id. at 12.

Petitioner points out that the Vaccine Act expressly provides for the discretionary award of attorneys' fees to a non-prevailing petitioner when a petition is "brought in good faith" and has a "reasonable basis." 42 U.S.C. § 300aa-15(e)(1). Petitioner highlights that the Vaccine Act's attorneys' fees recovery provision does not specify that the petition be timely filed. Moreover, petitioner argues, disallowing attorneys' fees in cases when the manifestation of the symptoms is difficult to pinpoint would undermine the policy – to encourage filings in a process not ossified by technicalities – expressed in the legislative history of the Vaccine Act. Congress stated that the court should make "adequate provision for attorneys' time and that the court [should] exercise its discretion to award fees in non-prevailing, good-faith claims." H.R. Rep. No. 99-908 at 22 (1986), reprinted in 1986 U.S.C.C.A.N. 6344, 6363.

While the policy considerations emphasized by petitioner are compelling, they cannot overcome the binding precedent that the Vaccine Act is a waiver of sovereign immunity that must be construed strictly; courts are not free to exercise jurisdiction beyond that which Congress expressly authorized in the Vaccine Act. See Brice v. Sec'y of HHS, 240 F.3d 1367, 1370 (Fed. Cir. 2001) ("Brice I") (holding that, with regard to Vaccine Act, "a statute of limitations is a condition on the waiver of sovereign immunity by the United States, and courts should be 'careful not to interpret [a waiver] in a manner that would extend the waiver beyond that which Congress intended'" (alteration in original) (quoting Stone Container Corp. v. United States, 229 F.3d 1345, 1352 (Fed. Cir. 2000))); see also John R. Sand & Gravel, 128 S. Ct. at 753-55 (holding that plaintiff's filing of claim within statute of limitations of Tucker Act, as congressional waiver of sovereign immunity, is prerequisite to court's exercise of jurisdiction). Thus, in order to recover attorneys' fees and costs, petitioner must assert a claim within the express provisions of the Vaccine Act by filing her petition within the statutory time period that Congress established.

Despite the validation of holdings like Brice I by the Supreme Court, petitioner represents that several later Federal Circuit and Supreme Court cases have called into question the holding of Brice II. Petr.'s Br. filed Oct. 1, 2007, at 15-16; Petr.'s Br. filed Jan 29. 2008, at 3-5. The cases cited by petitioner, see Petr.'s Br. filed Oct. 1, 2007, at 16-19 and Petr.'s Br. filed Jan. 29, 2008, at 3-5 (citing Day v. McDonough, 547 U.S. 198, 205 (2006);

Arbaugh v. Y&H Corp., 546 U.S. 500, 510 (2006); Eberhart v. United States, 546 U.S. 12, 15 (2005);  Kontrick v. Ryan, 540 U.S. 443, 455 (2004); Kirkendall v. Dep't of Army, 479 F.3d 830, 842 (Fed. Cir. 2007); Venture Coal Sales Co. v. United States, 370 F.3d 1102, 1105 n.2 (Fed. Cir. 2004)), illustrate the recent controversy regarding the nature of a statute of limitations as a jurisdictional limitation that the Supreme Court resolved to address in granting certiorari in John R. Sand & Gravel, 127 S. Ct. 2877 (May 29, 2007) (mem.).  To the extent that the cases petitioner cited indicate that the issue of timeliness is not properly a question of the court's jurisdiction in an action brought pursuant to a waiver of sovereign immunity, they unquestionably have been overruled by the Supreme Court's holding in John R. Sand & Gravel.  See Discussion supra part 2.  The remaining cases deal with statutes of limitations not found within a congressional waiver of sovereign immunity and thus present a different question than that presented in the case at bar.

Although her petition was filed under the Vaccine Act, not the Tucker Act, the same rationale reaffirmed by the Supreme Court in John R. Sand and Gravel – and echoed by the Federal Circuit in Brice II, binding precedent upon the court – applies with equal force to the Vaccine Act.  The Vaccine Act provides an alternative source of relief for claimants injured by childhood vaccines.  It waives the Government's sovereign immunity and confers jurisdiction on the Court of Federal Claims to award relief to injured parties.  Just as the Tucker Act operates as a waiver of sovereign immunity establishing jurisdiction over cases filed within the time period prescribed, so, too, the Vaccine Act operates as a waiver of sovereign immunity allowing jurisdiction only over cases filed within its expressed thirty-six month statute of limitations.

4. Applicability of Vaccine Act's statute of limitations to application for attorneys' fees

Petitioner contends that the Vaccine Act's statute of limitations only applies to the underlying claim for compensation, not to the application for attorneys' fees, which is itself "an entirely separate proceeding, one governed by entirely different statutory conditions." See Petr.'s Br. filed Jan. 29, 2008, at 3; see also Petr.'s Br. filed Oct. 1, 2007, at 14-15.  Thus, according to petitioner, her application for attorneys' fees is sufficient jurisdictionally because the Vaccine Act does not condition recovery of attorneys' fees on a requirement that the underlying compensation petition be timely filed.  Id. 7/ The language of the statute defeats this aspirational argument:

---

7/ Petitioner does acknowledge that "the issue of timeliness may be an important consideration in the special master's determination as to whether the petition was 'reasonable" and filed in "good faith."  Petr.'s Br. filed Jan 29, 2008, at 3 n.2.

7

[I]f a vaccine-related injury occurred as a result of the administration of such vaccine, *no petition may be filed for compensation under the Program* for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury.

42 U.S.C. § 300aa-16(a)(2) (emphasis added).  Section 300aa-15(e) of the Vaccine Act contemplates that a substantive decision denying an award of compensation does not disqualify a petitioner from recovering attorneys' fees in prosecuting the unsuccessful petition; but, if the special master cannot make a decision whether to award compensation because he lacks jurisdiction to do so, the fee recovery provision is inoperable.  Martin v. Sec'y of HHS, 62 F.3d 1403, 1405-06 (Fed. Cir. 1995) (noting that section 300aa-15(e)(1) provides for discretionary award of attorneys' fees to an unsuccessful petitioner only upon judgment on petition for compensation pursuant to section 300aa-11).  Congress' restriction of the waiver of sovereign immunity in the Vaccine Act to those claims brought within thirty-six months of the onset of symptoms disqualifies petitioner from recovering attorneys' fees incurred in prosecuting a petition initiated beyond that time limitation.  In the case at bar, the special master had no jurisdiction to consider the petition and therefore could not award attorneys' fees and costs.

## CONCLUSION

Accordingly, based upon the foregoing,

**IT IS ORDERED**, as follows:

1.  The decision of the special master is upheld, and the Clerk of the Court shall enter an order dismissing the application for attorneys' fees and costs for lack of subject matter jurisdiction.

2.  Petitioner's motion for an interlocutory order is denied as moot.

No costs on review.

s/ Christine O.C. Miller

_____
**Christine Odell Cook Miller**
Judge